# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH NAIM HAFIZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAMES YATES, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:11-cv–00959-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ADD A DEFENDANT TO COMPLAINT<br><br>(ECF No. 6.) |

Plaintiff Abdullah Naim Hafiz is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on June 13, 2011, and on September 12, 2011, Plaintiff filed a motion to add a defendant to the complaint. (ECF Nos. 1, 6.) Under Local Rule 220, Plaintiff cannot amend the original complaint simply by attaching documents to it. Therefore, to amend the complaint, Plaintiff must submit a first amended complaint which is complete in itself.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive pleading has not been served and Plaintiff has not previously amended his complaint. Therefore, Plaintiff may file an amended complaint without leave of the Court.

If Plaintiff chooses to file an amended complaint, he is advised that his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the

deprivation of Plaintiff's constitutional or other federal rights, <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1948-49 (2009).  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 555 (2007) (citations omitted).  Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

    Accordingly, it is HEREBY ORDERED that Plaintiff's motion to add a defendant to the complaint, filed September 12, 2011, is DENIED.

IT IS SO ORDERED.

**Dated:   October 25, 2011**                    /s/ **Barbara A. McAuliffe**
                                                   UNITED STATES MAGISTRATE JUDGE