# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH NAIM HAFIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES YATES, et al.,<br><br>    Defendants. | CASE NO. 1:11-cv–00959-BAM<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF No. 1) |

Plaintiff Abdullah Naim Hafiz is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 26, 2012, the Court screened the complaint and issued an order to show cause for failure to exhaust administrative remedies prior to filing suit. (ECF No. 9.) Plaintiff was ordered to file a response to the order to show cause within thirty days and informed that failure to file a response would result in this action being dismissed, without prejudice. More than thirty days has passed and Plaintiff has failed to file a response or otherwise respond to the Court's order.

"[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5). Where the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir.

2006); Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005); McKinney v. Carey. 311 F.3d 1198, 1200-01 (9th Cir. 2002).

Since Plaintiff stated in his complaint that at the time he filed this action his administrative grievance was at the third level of appeal, it is clear from the face of Plaintiff's complaint that he had not yet exhausted the administrative grievance procedure, and this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . ."); see also Davis v. Pineda, 347 Fed.Appx. 343 (9th Cir. 2009) (unpublished).

Accordingly it is HEREBY ORDERED that:

1. This action is dismissed, without prejudice, for failure to exhaust administrative remedies prior to filing suit; and

2. The Clerk of the Court is ordered to close this action.

IT IS SO ORDERED.

Dated:   **June 8, 2012**              /s/ **Barbara A. McAuliffe**
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE