# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH NAIM HAFIZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv–00959-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION<br><br>(ECF Nos. 19, 22) |

Plaintiff Abdullah Naim Hafiz is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 13, 2011. (ECF No. 1.) On June 8, 2012, this action was dismissed, without prejudice, for Plaintiff's failure to exhaust administrative remedies prior to filing this action. (ECF No. 10.) Plaintiff filed a notice of appeal on June 18, 2012, and the dismissal was affirmed by the Ninth Circuit on June 21, 2012. (ECF Nos. 12, 21.)

Plaintiff filed motions for reconsideration on July 30, 2012, and November 29, 2012. (ECF Nos. 19, 22.) On December 5, 2012, the mandate form the Ninth Circuit issued. (ECF No. 23.) Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

"A motion for reconsideration should not be granted, absent highly unusual circumstances,

unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In his motion for reconsideration filed November 29, 2012, Plaintiff attaches the directors' level appeal response dated July 29, 2011. (Motion for Reconsideration of Judgment 11,[1] ECF No. 22.) Since Plaintiff filed this action on June 13, 2011, and the director's level appeal was not issued until July 29, 2011, Plaintiff did not exhaust his administrative remedies prior to filing this action. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005).

Accordingly, Plaintiff's motion for reconsideration is HEREBY DENIED and all pending motions are terminated.

IT IS SO ORDERED.

Dated: **December 10, 2012**         /s/ **Barbara A. McAuliffe**
                                                           UNITED STATES MAGISTRATE JUDGE

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.